IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

- - -

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 11-574-1 |
| | : | |
| v. | : | Philadelphia, Pennsylvania |
| | : | July 10, 2012 |
| MICHAEL HOMER | : | 10:26 o'clock a.m. |

. . . . . . . . . . . . . . . . .

CHANGE OF PLEA HEARING
BEFORE THE HONORABLE TIMOTHY R. RICE
UNITED STATES MAGISTRATE JUDGE

- - -

APPEARANCES:

For the Government:      MEREDITH TAYLOR, ESQUIRE
                        U.S. Attorney's Office
                        615 Chestnut Street, Suite 1250
                        Philadelphia, PA    19106

For the Defendant:      DAVID M. LAIGAIE, ESQUIRE
                        Dilworth Paxson
                        1500 Market Street, Suite 3500
                        Philadelphia, PA    19102

- - -

Audio Operator:         Christina Franzese

Transcribed by:         Tracey J. Williams, CET

(Proceedings recorded by For the Record Gold digital sound
recording; transcript produced by AAERT-certified
transcriber.)

- - -

Laws Transcription Service
48 W. LaCrosse Avenue
Lansdowne, PA 19050
(610)623-4178

```
 1          (The following occurred in open court at 10:26
 2   o'clock a.m.:)
 3          THE COURT:  Good morning, everyone.  Please be
 4   seated.
 5          ALL:  Good morning, your Honor.
 6          THE COURT:  Mr. Laigaie, Ms. Taylor, how are you?
 7          MS. TAYLOR:  Good.
 8          MR. LAIGAIE:  I'm very well, thanks.
 9          THE COURT:  And Mr. Homer?
10          THE DEFENDANT:  Yes, your Honor.
11          THE COURT:  Good morning, sir.
12          And Christina is our court reporter today.  Welcome.
13          THE AUDIO OPERATOR:  Thank you.
14          THE COURT:  Thank you.
15          All right.  We're here for a guilty plea, Mr. Homer,
16   and I just wanted to go over some questions with you to make
17   sure your plea is being entered knowingly and voluntarily.
18   So the first thing I'm going to do is I'm going to have
19   Christina swear you.  So can you just stand and take the
20   oath, please?
21          THE AUDIO OPERATOR:  Please remain standing and
22   raise your right hand.
23          MICHAEL HOMER, Sworn.
24          THE AUDIO OPERATOR:  Thank you.  You may be seated.
25          THE COURT:  Okay, thank you.
```

1          All right.  Mr. Homer, I just want to remind you now

2   that you're under oath, so any answers you give now you swear

3   to tell the truth and, if you don't, your answers could be

4   used against you in a prosecution for perjury, all right?  Do

5   you understand that?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Okay, great.  Now, if I say anything

8   today that you don't understand or you're confused by, you

9   can ask me to repeat it or you can ask for time to speak with

10  your attorney, Mr. Laigaie, who is very experienced, and I'll

11  give you all the time to talk you need to talk to him about

12  any questions or about anything you don't understand.  Do you

13  understand that?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  Okay.  If you want to talk to him at any

16  time, you can do that.

17         Just state your full name and age, please?

18         THE DEFENDANT:  Michael George Homer, 50 years old,

19  5/4/62.

20         THE COURT:  Okay.  And can you read, write and speak

21  English?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  All right.  And how far did you go in

24  school?

25         THE DEFENDANT:  12 plus three years in airframe and

1  power-plant school.

2      THE COURT:  Okay, very good.  Now, I know this

3  offense involves some substance abuse issues, but have you

4  ever been treated for a drug or alcohol condition or mental

5  illness?

6      THE DEFENDANT:  Yes, your Honor.

7      THE COURT:  Why don't you talk to me about your

8  situation in that regard?

9      THE DEFENDANT:  I was treated for Xanax abuse a

10 couple years ago and just recently I was treated again for --

11 for something and it's in the record, I forget what exactly

12 it is.

13     THE COURT:  This is with Pretrial Services?

14     THE DEFENDANT:  Yes, they would have it.

15     THE COURT:  You were at the -- in a rehab center,

16 Rehab Services in Chadds Ford since March 15 -- May 15th,

17 2012.  And there was also some -- a DUI situation from before

18 this case?

19     THE DEFENDANT:  Yes, your Honor.

20     THE COURT:  Have you gotten treatment for that?

21     THE DEFENDANT:  Yes.

22     THE COURT:  Okay.  Are you still in treatment for

23 the drug abuse?

24     THE DEFENDANT:  Yes, your Honor.

25     THE COURT:  Where are you in treatment?

1          THE DEFENDANT:  Rehab After Work in Chadds Ford.

2          THE COURT:  Okay, all right.  And are you satisfied

3     with that?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Getting all the help you need?  Okay,

6     very good.

7          Now, have you had any drugs or alcohol within the

8     last few days?

9          THE DEFENDANT:  No, sir.

10          THE COURT:  When was the last time you had drugs or

11     alcohol?

12          THE DEFENDANT:  I may have had a couple beers a week

13     ago --

14          THE COURT:  Okay.

15          THE DEFENDANT:  -- two or three Bud Lights.

16          THE COURT:  Okay.  But you're feeling fine today?

17          THE DEFENDANT:  Oh, yeah.

18          THE COURT:  Okay.

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  All right.  And you understand

21     everything that's going on?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Okay, very good.

24          Now, has Mr. Laigaie gone over the charges against

25     you and fully explained to you your trial rights and the

1  defenses you could bring to those charges?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  All right.  Does somebody have the plea

4  agreement?

5          MR. LAIGAIE:  Yes, your Honor, I do.

6          THE COURT:  Could you just verify for me, Mr. Homer,

7  that that's the plea agreement you went over with Mr. Laigaie

8  and that's your signature on it?

9          THE DEFENDANT:  Yes, your Honor, that's it.

10          THE COURT:  All right.  Did you voluntarily sign

11  that plea agreement?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  And did you also sign an advice-of-

14  rights form that's attached to that?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  Did Mr. Laigaie go over all those rights

17  with you?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  All right.  And did Mr. Laigaie explain

20  to you all the terms of the plea agreement?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  Okay.  I'm going to go over some of them

23  with you today again just to make sure, but I just want to

24  make sure you've had adequate time to think about this.

25          All right.  Do you want to file the original or give

1  it to us?

2          MS. TAYLOR:  We can hand it up now, your Honor.

3          THE COURT:  Okay.

4          (Pause.)

5          THE COURT:  Do you feel, Mr. Homer, that you've had

6  enough time to go over the agreement with Mr. Laigaie?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  And so far has he done everything that

9  you wanted him to do on this case?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  All right.  Ms. Taylor, could you

12  summarize the terms of the plea agreement for the Court?

13          MS. TAYLOR:  Yes, your Honor.  The plea agreement

14  contemplates that Mr. Homer will plead guilty to Count 1 of

15  the information, which charges him with attempted possession

16  of Oxycodone, arising from his attempt to illegally purchase

17  prescription medication from an employee at the Boeing Ridley

18  Park facility.

19          Paragraph 2 of the plea agreement indicates what the

20  Government will do, which is make any sentencing

21  recommendation that we feel is appropriate, comment on the

22  evidence and circumstances of the case, and bring any of the

23  relevant facts to the Court's attention at the time of

24  sentencing.

25          Paragraph 3 explains to Mr. Homer the statutory

maximum of this one count, which is one year in prison, one year of supervised release, a $1,000 fine and a $100 special assessment.

Paragraph 4 includes the financial obligations that Mr. Homer is agreeing to.

Paragraph 5 includes that he will pay the $100 Special Victims/Witness assessment.

Paragraph 6 explains that Mr. Homer may not withdraw his plea because the Court declines to follow any recommendation or stipulation by the parties. No one has promised or guaranteed Mr. Homer what sentence the Court will impose, of course.

Paragraph 7 includes the stipulations that the parties have agreed to, also including the fact that these stipulations are not binding on the Probation Office or the Court. The stipulations are, however, that Mr. Homer did attempt to possess five Oxycontin 40 milligram tablets, each of which is a mixture and substance containing a detectable amount of Oxycodone, and that as of the date of this agreement Mr. Homer has demonstrated acceptance of responsibility, making him eligible for the two-level downward adjustment.

Paragraph 8 includes the fact that Mr. Homer is waiving or giving up his right to appeal or collaterally attack his sentence. Of course, if the Government appeals

1    from the sentence, Mr. Homer may file a direct appeal; if the

2    Government does not appeal, then Mr. Homer's appellate rights

3    or his rights to collaterally attack the sentence are very

4    limited, specifically to three areas:  If his sentence

5    exceeds the statutory maximum, if the sentencing court

6    erroneously departs upward, or if the sentencing court

7    imposes an unreasonable sentence pursuant to United States v.

8    Booker.

9            In Paragraph 9, Mr. Homer waives all his rights to

10   request any records under the Freedom of Information Act.

11           Paragraph 10, Mr. Homer is satisfied with his legal

12   representation.

13           And Paragraph 11 makes it clear that this written

14   plea agreement is the only agreement between the parties;

15   there are no additional promises, agreements or

16   understandings other than those that are written and signed

17   by all parties in this document.

18           THE COURT:  All right.  Thank you, Ms. Taylor.

19           Mr. Laigaie, are those the terms of the plea

20   agreement that you negotiated on behalf of your client?

21           MR. LAIGAIE:  Yes, they are, your Honor.

22           THE COURT:  All right.  And, Mr. Homer, do you agree

23   that these are the terms of the plea agreement that you're

24   entering?

25           THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  Okay.  Other than the terms Ms. Taylor

2     outlined and that are written in that document, did anyone

3     promise or offer you anything else to get you to plead

4     guilty?

5          THE DEFENDANT:  No, your Honor.

6          THE COURT:  All right.  Do you understand that no

7     one can guarantee you what sentence that you'll receive from

8     me?

9          THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  Did anyone use force, violence or

11     threats to get you to plead guilty?

12          THE DEFENDANT:  No, your Honor.

13          THE COURT:  All right.  Did you do this of your own

14     free will?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  Now, I also want to talk to you about

17     potential collateral consequences.  I don't know, and I don't

18     think anybody in the room knows, what impact, if any, your

19     guilty plea will have on your ability to get your job back at

20     Boeing.  Do you understand that?  There's a possibility that

21     by pleading guilty and if you are found guilty of this

22     offense, it could adversely impact your ability to get

23     rehired at Boeing.  Do you understand that?  You have to say

24     yes or no.

25          (Discussion held off the record.)

1       THE COURT:  Do you want to take a minute and speak

2  to your lawyer about it?

3       THE DEFENDANT:  Oh, I'm sorry, yes, your Honor.

4       THE COURT:  Yeah, I just want to make sure that you

5  understand it could have an impact, I don't know if it will

6  or it won't.

7       THE DEFENDANT:  I'm sorry, I was just nodding

8  because I've been there 25 years and it's just like when you

9  said that, it kind of hit me like, you know, wow.

10      THE COURT:  Yeah.

11      THE DEFENDANT:  Sorry.

12      THE COURT:  No, that's okay, but you could -- you

13  have a right to go to trial, if you want.  If you're found

14  not guilty, then that's not an issue.

15      THE DEFENDANT:  No, I apologize.  No, your Honor.

16      THE COURT:  You don't have to apologize.  If you

17  need time to think about it, you can have it.

18      THE DEFENDANT:  I'm fine.

19      THE COURT:  Okay.  All right.  Did anyone tell you

20  what to say today or put words in your mouth --

21      THE DEFENDANT:  No, your Honor.

22      THE COURT:  -- as you're proceeding?

23      All right.  Do you understand that by pleading

24  guilty to this offense, in addition to the possible adverse

25  effect on your job, it could have other -- other adverse

1  consequences on some of the rights you have, such as your
2  right to vote and things like that?
3              THE DEFENDANT:  Yes, your Honor.
4              THE COURT:  All right.  And if you -- for example,
5  if you weren't a U.S. citizen, it could affect whether you
6  would be deported.  Do you understand that?
7              THE DEFENDANT:  Yes, your Honor.
8              THE COURT:  All right.  Now, have you ever been on
9  supervision for any crime before like probation or parole?
10             THE DEFENDANT:  No, your Honor.
11             THE COURT:  Okay.  Now, the DUI situation that you
12  mentioned, that's resolved, you served your sentence?
13             THE DEFENDANT:  Yes, your Honor, I just got it.
14             THE COURT:  Okay.  Are you on probation for that?
15             THE DEFENDANT:  Yes, your Honor.
16             THE COURT:  Okay.  What's the sentence there?
17             THE DEFENDANT:  One year probation.
18             THE COURT:  All right.  Now, a prior conviction
19  could affect what your Sentencing Guideline range could be,
20  because I'm going to be given a range of a sentence that I
21  should consider for you, no more than a year in prison, but
22  whether you have prior convictions could affect your
23  sentencing; do you understand that?
24             THE DEFENDANT:  Yes, your Honor.
25             THE COURT:  Okay.  Now, Ms. Taylor outlined the

1   maximum penalties in the plea agreement, which is one year in

2   prison, one year of supervised release, a $1,000 fine and a

3   $100 special assessment. Did you understand that that's the

4   maximum you could receive?

5                   THE DEFENDANT: Yes, your Honor.

6                   THE COURT: Do you understand that your offense is

7   covered by the Sentencing Guidelines and I'm going to be

8   required to consider those Guidelines in imposing sentence,

9   but I may depart either upward or downward from those

10  Guidelines depending on the circumstances of your case?

11                  THE DEFENDANT: Yes, your Honor.

12                  THE COURT: All right. That I'm going to have a

13  Probation Officer prepare a presentence report, which will

14  set forth your Sentencing Guideline range. And the Probation

15  Officer will talk to you and Mr. Laigaie about your

16  background and the circumstances of this offense, and give me

17  a fuller picture about the type of person you are to help me

18  impose sentence. Do you understand that?

19                  THE DEFENDANT: Yes, your Honor.

20                  THE COURT: Do you understand can you object to the

21  report Probation prepares --

22                  THE DEFENDANT: Yes, your Honor.

23                  THE COURT: -- but your guilty plea is still going

24  to be binding on you?

25                  THE DEFENDANT: Yes, your Honor.

1          THE COURT:  All right.  And you and your lawyer can

2     contest things, as can the Government, and make objections,

3     and then I'll rule on whatever the objections are.  Do you

4     understand that?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Okay.  And do you understand that your

7     attorney and the Government can make -- agree on facts and

8     make recommendations, motions and requests at the sentencing,

9     but I don't have to do what they ask?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  So even if they agree that something

12     should happen at the sentencing, I'm not bound by that.

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Okay.  Do you understand that there's no

15     more parole in the Federal system?  So if you were sentenced

16     to a term of imprisonment, you'd have to serve that term and

17     you wouldn't be eligible for any parole.

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  All right.  Now, I understand you've

20     executed an appellate waiver in Paragraph 8.  I just want to

21     take a minute and go over that with you, because that's very

22     important.  You have a right normally to bring in later

23     proceedings such as a habeas corpus petition or an appeal,

24     you have a right to challenge what happened here; you have a

25     right to challenge whether you're satisfied with Mr. Laigaie,

1   you have a right to challenge whether you're satisfied with
2   the way I conducted this proceeding or the sentence I impose;
3   that the plea agreement you signed greatly limits your rights
4   to appeal and prevents you from using later proceedings like
5   a collateral attack or a habeas corpus petition to challenge
6   your conviction, your sentence or any other matter.  Do you
7   understand that?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  All right.  So that you're giving up
10  your right to challenge almost everything in this case other
11  than what's listed in Paragraph 8 and the only way you could
12  appeal or file a challenge against your attorney's
13  performance or anything I did is if the -- is if I violated
14  one of these provisions of Paragraph 8.  Like, for example,
15  if I gave you more than a year in prison or if I upward
16  departed from what your sentencing range was without
17  justification.  So your appellate rights, which are very
18  significant, have been severely diminished under this plea
19  agreement.  Do you understand that?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  And you're willing to give those up?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  All right.  Let me just go over some
24  constitutional rights.  I know you signed the Acknowledgment
25  of Rights form attached to the plea agreement, but I just

1   want to go over some of the constitutional rights you're

2   giving up to ensure you understand what you're relinquishing.

3           Do you understand that you're presumed innocent and,

4   unless and until you're proven guilty by the Government

5   beyond a reasonable doubt, that presumption of innocence will

6   remain with you, and you're giving up the presumption of

7   innocence by pleading guilty?

8           THE DEFENDANT:  Yes, your Honor.

9           THE COURT:  All right.  Do you understand that you

10  have a right to the assistance of a lawyer at every stage of

11  the proceedings, including before trial, during trial, after

12  trial for any appeals to higher courts, and that if you can't

13  afford a lawyer one will be appointed for you free of charge?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Do you understand that you have a right

16  to plead not guilty and persist in that plea and have your

17  case tried by either a jury of 12 or by a judge sitting

18  alone?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Do you also understand, by the way, that

21  I'm a Magistrate Judge and you have the right to have your

22  case heard by what's called a District Court Judge, and you

23  have agreed to have me resolve your case rather than go

24  before a District Court Judge; do you understand that?

25          THE DEFENDANT:  Yes, your Honor.

1        THE COURT:  Okay.  Do you understand that you have a
2   right to have a jury of your peers drawn from the residents
3   of this District and that you would get help from Mr. Laigaie
4   in picking who will be on your jury?
5        THE DEFENDANT:  Yes, your Honor.
6        THE COURT:  Do you understand that in order to find
7   you guilty the verdict of the jury must be unanimous, that is
8   all 12 jurors would have to agree that the Government has
9   proved every element of the crime charged beyond a reasonable
10  doubt?
11       THE DEFENDANT:  Yes, your Honor.
12       THE COURT:  And by pleading guilty you're giving
13  that up?
14       THE DEFENDANT:  Yes, your Honor.
15       THE COURT:  All right.  Do you understand that you
16  could obtain a subpoena or court order to make witnesses come
17  to court and testify on your behalf?
18       THE DEFENDANT:  Yes, your Honor.
19       THE COURT:  Do you understand that if you were found
20  guilty you could appeal such a finding of guilt to a higher
21  court, which could set aside the finding or modify the
22  finding of guilt or give you a new trial?
23       THE DEFENDANT:  Yes, your Honor.
24       THE COURT:  And by pleading guilty under this plea
25  agreement you're giving that right to appeal up?

1    THE DEFENDANT:  Yes, your Honor.

2    THE COURT:  All right.  Do you understand that at a

3  trial you would have a right to confront and cross-examine

4  witnesses?  That is, you'd be able to see it in a courtroom

5  and look your accuser in the eye, face-to-face, and challenge

6  their version of events about the crime that the Government

7  alleges you committed?

8    THE DEFENDANT:  Yes, your Honor.

9    THE COURT:  And you're giving that up?

10    THE DEFENDANT:  I'm giving it up.

11    THE COURT:  Okay.  Do you understand that at trial

12  you would not have to testify or take the witness stand if

13  you didn't want to and that no one could force you to take

14  the stand and, if you elected not to testify, Ms. Taylor and

15  the prosecutor could not comment to the jury or make any

16  reference about that?

17    THE DEFENDANT:  Yes, your Honor.

18    THE COURT:  Do you understand that by entering a

19  guilty plea here today there will be no trial and you've

20  giving up all the rights I've just gone over with you and all

21  the rights on the Acknowledgment of Rights form?

22    THE DEFENDANT:  Yes, your Honor.

23    THE COURT:  Okay.  Now, in order to prove you

24  guilty, the Government would have to prove two elements

25  beyond a reasonable doubt, let me just go over with you what

1    they are.

2         The Government would have to prove you violated

3    Title 21 United States Code Section 846, which is attempted

4    possession of Oxycodone.  They'd have to show first that you

5    intended to commit the crime of illegally possessing a

6    controlled substance, in this case a mixture or substance

7    containing a detectable amount of Oxycodone; and, second,

8    that thereafter you did an act constituting a substantial

9    step toward the commission of that crime that would strongly

10   corroborate your criminal intent.  Do you understand that's

11   what they would have to prove?

12        THE DEFENDANT:  Yes, your Honor.

13        THE COURT:  All right.  Now, I want you to listen to

14   Ms. Taylor, because I'm going to ask her now to summarize for

15   you the evidence they would offer at the trial.  And I want

16   you to listen carefully to make sure you agree that you did

17   what she alleges, because if you disagree, I want you to tell

18   me, all right?  If she says you did something you didn't do,

19   you're under oath and you have to tell me that, all right?

20        Okay.  Go ahead, Ms. Taylor.

21        MS. TAYLOR:  Thank you, your Honor.

22        If this case were to proceed to trial, the

23   Government would introduce evidence through witnesses and

24   documentary exhibits which would establish the following

25   facts:  On September 8th, 2011, the Defendant met with an

1  individual who was cooperating with the Government outside of

2  Building 3-25 on the Boeing Company's Ridley Park,

3  Pennsylvania campus.  There the Defendant bought five placebo

4  Oxycontin 40 milligram tablets from this individual for $100.

5          THE COURT:  Do you agree with Ms. Taylor that that's

6  the evidence of what you did?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  And do you have any dispute with

9  anything she said?

10         THE DEFENDANT:  No, your Honor.

11         THE COURT:  Did you do those things that she said?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  All right.  Do you now wish to change

14  your plea to guilty?  Okay.

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  If you would please stand, we'll take

17  your plea.  Thank you, Mr. Homer.

18         THE DEPUTY CLERK:  Michael Homer, you've been

19  charged in an Information Number 11-CR-574, in violation of

20  21 U.S.C. Section 846, attempted possession of Oxycodone; how

21  do you plead, guilty or not guilty?

22         THE DEFENDANT:  Guilty.

23         THE DEPUTY CLERK:  Thank you.

24         THE COURT:  All right.  Thank you, sir.  I'll accept

25  your guilty plea and I'm going to make -- you can be seated,

1  sir -- I'm going to make a finding that you're fully alert,
2  competent and capable of entering an informed plea, that your
3  plea is a knowing and voluntary plea supported by an
4  independent basis in fact containing each of the essential
5  elements of the offenses charged.  Your plea of guilty is
6  therefore accepted and you're now adjudged guilty of the
7  offense charged in the information.

8        I'm going to prepare a presentence report -- have a
9  presentence report prepared by the Probation Office.  And I'm
10 going to ask you, Mr. Homer and Mr. Laigaie's assistance to
11 help the Probation Officer get the information he or she
12 needs for that report.  And you can have your lawyer present
13 with you, if you want, when you answer any questions from the
14 Probation Officer.

15       What I'd like you to do after you get that report is
16 I want you to sit down and review it with Mr. Laigaie.  If
17 you have any objections, you should notify the Probation
18 Officer within 14 days of filing of the report.

19       Now, sentencing is set -- okay, I guess we've agreed
20 on a sentencing date for Friday, October 5th at 10:00 a.m.
21 Is that convenient for everyone?

22       MS. TAYLOR:  Yes, your Honor.

23       MR. LAIGAIE:  Yes, your Honor.

24       THE COURT:  Okay.  Mr. Homer, is that convenient for
25 you?

1          THE DEFENDANT:  That's fine.

2          THE COURT:  Okay.

3          THE DEFENDANT:  I'll make it fine.

4          THE COURT:  Okay, thank you.

5          So we'll do sentencing there.  And I received a

6   report from Pretrial Services about your bail status, it

7   seems as though you are fully compliant with all your

8   conditions and they had a pretty good report.  So I'm going

9   to continue present bail; is that okay with Counsel?

10          MS. TAYLOR:  Yes, your Honor.

11          MR. LAIGAIE:  Yes, your Honor.

12          THE COURT:  All right.  Now, I want to ask you, Mr.

13  Homer, I know there's a lot of issues you're trying to tackle

14  in your life here to get beyond this and I want to make sure

15  you're getting all the help you need and if there's anything

16  I can do to help you get any additional services or

17  counseling or treatment?

18          THE DEFENDANT:  I can't think of any, your Honor.

19          THE COURT:  Okay.  You're getting all the help you

20  need?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Okay.  Because I know this is a

23  difficult thing you're working through and it's not easy and

24  a lot of people are struggling with it who are in your

25  situation.  And I'm sincere about it that I'll get the

1  Pretrial Services Office to give you any help you need.  So,

2  if you sense you're on the verge of, you know, going back,

3  tell Pretrial or tell your attorney and we'll get you the

4  help you need.  All right?  Don't try to go it alone and

5  don't think, oh, I can just go back one time and it will be

6  okay, because we'll try to help you.  Is there anything you

7  can think of?

8          THE DEFENDANT:  No, your Honor.

9          THE COURT:  Okay.  All right.  Anything else we have

10 to do today?

11         MS. TAYLOR:  No, your Honor.

12         MR. LAIGAIE:  No, your Honor.

13         THE COURT:  Oh, one other thing -- you can be

14 seated, sir -- one other thing.  We're having a hearing

15 tomorrow, there's several defendants have signed -- what's

16 the --

17         MR. LAIGAIE:  Pre-judgment probation.

18         THE COURT:  Pre-judgment probation, that's it.  Is

19 that something that --

20         MR. LAIGAIE:  Yes, your Honor.  We had indicated in

21 -- Judge Jones had asked us to file a notice --

22         THE COURT:  Okay.

23         MR. LAIGAIE:  -- of whether we intended to seek that

24 relief and we indicated we did as soon as we, you know, got

25 through the plea process.

1          THE COURT:  Okay.  We're having it -- the Government

2   is going to present any evidence on that tomorrow.

3          MR. LAIGAIE:  Okay.

4          THE COURT:  9:30?

5          (Discussion held off the record.)

6          THE COURT:  We'll just check the time.  So my

7   understanding of what the proceeding is going to be is there

8   going to be presenting evidence on general testimony about

9   the Boeing operation and then they're also going to have

10  witnesses testify about each specific defendant.

11         MR. LAIGAIE:  Your Honor, having not yet filed a

12  motion on Mr. Homer's behalf, I think it would be premature.

13         THE COURT:  I mean, I can -- you can make an oral

14  motion and just follow it up with a one-page thing, and then

15  you can supplement later, if you want.

16         MR. LAIGAIE:  Okay.  I haven't gotten any discovery

17  on that hearing that's scheduled for tomorrow, I didn't know

18  it would apply to Mr. Homer, so I'm frankly not prepared to

19  cross-examine any witnesses.

20         THE COURT:  Well, I don't know if there's been

21  discovery distributed; has there, Ms. Taylor?

22         MS. TAYLOR:  Your Honor, I'm not sure and -- and I'm

23  actually not sure if they're -- if Ms. Lunkenheimer and Ms.

24  Taylor are prepared to proceed on Mr. Homer, but I can

25  certainly --

1    THE COURT:  I think they were --

2    MS. TAYLOR:  Okay.

3    THE COURT:  -- they -- I had a conference call with

4    them this morning about -- it's going to be at 9:30 in 16B --

5    they asked me to make -- or advise Mr. Homer if he's planning

6    on filing that, I doubt it.  What we're going to do is

7    they'll be general testimony applicable to the facility and

8    then, if you're not prepared, then we can have somebody come

9    back and testify while Mr. Homer is at his sentencing

10   hearing, if you want to do that.

11   MR. LAIGAIE:  I would, your Honor, because I hate to

12   rush into it and miss something, obviously.  But if I

13   understand your Honor's instruction, I should be here at

14   least for the general aspects of the testimony?

15   THE COURT:  If you want to cross-examine any of

16   those witnesses.  And you can talk to Ms. Lunkenheimer or

17   Faithe Taylor about who specifically -- I don't know who is

18   specifically coming, but I think it's going to be general

19   testimony just about what they do out there, the specific

20   nature of the work, and then they were going to have a

21   cooperator testify about their interaction with each of the

22   defendants.

23   MR. LAIGAIE:  Okay.

24   THE COURT:  So we could take that part of the

25   testimony at the sentencing hearing.

1    MR. LAIGAIE:  I think that should be fine, your
2  Honor.
3    THE COURT:  Okay.  Why don't you coordinate with
4  them --
5    MR. LAIGAIE:  I will.
6    THE COURT:  -- and at 9:30 in 16B.
7    (Discussion held off the record.)
8    THE COURT:  I don't know whose room that is, but
9  it's 16B.
10    All right.  I think that's all we have to do today
11  then.  It's good to see both of you again.
12    Mr. Homer, I wish you well --
13    THE DEFENDANT:  Thank you.
14    THE COURT:  -- and I hope things work out, and I'll
15  look forward to reading the report and I'll see you in
16  October.
17    All right.  Mr. Laigaie, good to see you.
18    MR. LAIGAIE:  Thank you, your Honor.
19    MS. TAYLOR:  Thank you, your Honor.
20    THE COURT:  And, Ms. Taylor, you're staying for the
21  11:00 o'clock?
22    MS. TAYLOR:  I am, your Honor.
23    THE COURT:  All right, great.
24    MR. LAIGAIE:  I'll see you tomorrow.
25    THE COURT:  Yeah, I'm sorry to spring that on you, I

1  thought somebody had --

2        MR. LAIGAIE:  I understood that there had been this

3  hearing scheduled, but I did not understand it was going to

4  apply to my client.  And I put a call in -- I know vacation

5  schedules are such, but I put a call in to I think Ms.

6  Lunkenheimer just to ask her that question and never got a

7  response.  So I just assumed, since we hadn't filed the

8  motion yet, we wouldn't have to deal with it tomorrow.  But

9  what your Honor proposes seems to make perfect sense.

10        THE COURT:  Okay.  And you can just file up -- the

11  motions that have been filed today have been like one or two

12  pages.

13        MR. LAIGAIE:  Okay.

14        THE COURT:  So it's not a lot of -- you know, you

15  can see which ones are on the docket already.

16        MR. LAIGAIE:  I will, okay.  Thank you, your Honor.

17        THE COURT:  Thanks.  Good to see.  Thank you for

18  coming in.

19        MR. LAIGAIE:  Yes, thanks.

20        MS. TAYLOR:  Thank you, your Honor.

21        THE COURT:  Good luck to you, Mr. Homer.

22        THE DEFENDANT:  Thank you.

23        (Hearing adjourned at 10:53 o'clock a.m.)

24                              *  *  *

<u>CERTIFICATION</u>

I hereby certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

s:/Geraldine C. Laws, CET            Dated 10/3/12
Laws Transcription Service